IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:16-cv-00121-GCM

| | |
|---|---|
| **GREAT HARVEST FRANCHISING, INC.,** **CHARLOTTE'S BEST BREADS,** **LLC DBA GREAT HARVEST BREAD** **CO., and OUR DAILY BREAD FOR LIFE,** **LLC DBA GREAT HARVEST BREAD** **CO.,** Plaintiffs | |
| v. | |
| **PANERA BREAD COMPANY,** **PANERA, LLC and PUMPERNICKEL** **ASSOCIATES, LLC** Defendants | |

**FIRST AMENDED COMPLAINT (AND JURY DEMAND)**

Great Harvest Franchising, Inc. ("Great Harvest Bread"), Charlotte's Best Breads, LLC DBA Great Harvest Bread Co., and Our Daily Bread For Life, LLC DBA Great Harvest Bread Co., (collectively, the "Franchisees"; all plaintiffs are collectively "Plaintiff") hereby sues its competitor, Panera Bread Company, Pumpernickel Associates, LLC and Panera, LLC (collectively "Panera Bread" or "Defendant"). This controversy is based on infringement of senior user Great Harvest Bread's registered mark for BREAD. THE WAY IT OUGHT TO BE. (U.S. Registration No. 4,862,062) by junior user Panera Bread's use of the slogan FOOD AS IT SHOULD BE. in connection with goods and services that compete with Great Harvest Bread and its licensed franchisees, and, in the alternative, for harm to Great Harvest Bread and its licensed franchisees due to market-saturating advertising by Panera Bread since its unlawful adoption of its mark that has or is likely to lead to a reverse confusion among consumers so that such

consumers are now likely to perceive Plaintiff as infringing or otherwise endorsed by or affiliated with Panera Bread. In support of its claims, Plaintiff alleges, on personal knowledge as to its own activities, and on information and belief as to the activities of others, as follows:

## JURISDICTION AND VENUE

1.      This is an action for federal trademark infringement, false designation of origin, and unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a); unfair competition and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, and unfair competition under North Carolina common law.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy. Plaintiff also seeks injunctive relief as well as a determination that Defendant's conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

2.      Defendant is subject to personal jurisdiction in this district because it directs business activities toward and conduct business with consumers located within the State of North Carolina and this district, through wholly owned and operated store locations, through long term agreements with one or more franchisees, and through fully interactive, commercial Internet websites accessible in North Carolina, operating under the domain name <www.panerabread.com>.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant owns and/or operates one or more retail bakery-cafés within this jurisdiction and is, upon information and belief, engaging in infringing activities and causing harm to Plaintiff within this district. Defendant has also advertised and used the infringing marks in this district.

## THE PARTIES

4. Great Harvest Franchising, Inc. is a corporation organized and existing under the laws of the state of Montana, with its principal place of business at 28 South Montana Street, Dillon, Montana, 59725-2434.

5. Charlotte's Best Breads, LLC is a limited liability company organized and existing under the laws of the state of North Carolina, with its principal place of business at 901 S. King's Drive, Suite 140-A, Charlotte, NC 28204. Charlotte's Best Breads, LLC does business in this State and in this district as Great Harvest Bread Co., operating two bakery franchises at 901 S. King's Drive, Suite 140-A Charlotte, NC 28204 and 6420 Rea Road, Suite B6, Charlotte, NC 28277. Charlotte's Best Breads, LLC is a franchisee of Great Harvest Bread and licensed to use Great Harvest Bread's trademarks, including the Registered Mark.

6. Our Daily Bread For Life, LLC is a limited liability company organized and existing under the laws of the state of North Carolina, with its principal place of business at 1220 NW Maynard Road, Cary, NC 27513. Our Daily Bread For Life, LLC does business in this state as Great Harvest Bread Co., operating a bakery franchise at 1220 NW Maynard Road, Cary, NC 27513. Our Daily Bread For Life, LLC is a franchisee of Great Harvest Bread and licensed to use Great Harvest Bread's trademarks, including the Registered Mark.

7. Defendant Panera Bread Company was founded in 1981 and has its headquarters at 3630 South Geyer Road, Suite 100, St. Louis, MO 63127. The company was formerly known as Au Bon Pain Co., Inc. and changed its name to Panera Bread Company in August 1998.

8. Defendant Pumpernickel Associates, LLC is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 3630 S. Geyer Road, St. Louis, MO 63127.

9. Defendant Panera, LLC is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 3630 South Geyer Road, Suite 100, St. Louis, MO 63127.

## COMMON FACTUAL ALLEGATIONS

**Plaintiff's Intellectual Property Rights**

10. Great Harvest Bread grew from a Montana bakery into the nation's first family of independently owned and operated whole grain bread bakeries. Today there are more than 200 Great Harvest Bread bakery franchises located across the United States, including this jurisdiction.

11. Since 1976, Great Harvest Bread has been engaged in the development, marketing, advertising, distribution and sale of various products and licensed franchise services including, retail bakery shops, baked goods, restaurants, bakery goods, and related goods and services.

12. In August 2014, Great Harvest Bread began to use the mark BREAD. THE WAY IT OUGHT TO BE. in connection with its products and business. Great Harvest Bread applied for and was later granted combined service mark/trademark US Registration No. 4,862,062 for its mark on a variety of goods and services including bread, flour, franchising services, retail bakery shop services, bakery services, and restaurant and café services.

13. Great Harvest Bread owns United States Combined Trademark/Service Mark Registration No. 4,862,062 for "BREAD. THE WAY IT OUGHT TO BE." (the Registered Mark) for a variety of goods and services, namely:

   a. "bread; cookies; flour," in International Class 30;

   b. "franchising services, namely, business management advisory services in the establishment and/or operation of retail bakeries; retail bakery shop services," in International Class 35;

   c. "bakery services, namely, manufacturing bakery products to order and/or specifications of others," in International Class 40; and

   d. "restaurant and café services," in International Class 43.

14. The application for the Registered Mark was filed on October 22, 2014 and was registered on December 1, 2015. This registration is valid and subsisting. A true and accurate copy of the Certificate of Registration for the Registered Mark is attached hereto as Exhibit A.

15. Plaintiff has used the Registered Mark in interstate commerce in connection with, and to identify and distinguish its restaurant and bakery goods and services from others, since at least the last day of August 2014.

**Defendant's Infringing Activities**

16. Defendant Panera Bread is a national bakery-cafe concept with 1,880 Company-owned and/or franchise-operated bakery-cafe locations in 45 states (including North Carolina), the District of Columbia, and Ontario, Canada. On information and belief, Defendant's business currently serves nearly 7.8 million customers per week system-wide.

17. On information and belief, Defendant is directly responsible for, and controls the content of, advertising for all locations operating under the Panera Bread designation.

18. On information and belief, Defendant is or at least alleges to be, currently one of the largest food service companies in the United States and wields an advertising budget that is many times that of Plaintiff Great Harvest Bread.

19. On information and belief, at some date between June 21, 2015 and June 30, 2015 Defendant Panera Bread changed its internet website to include a tab labelled "Our Beliefs" with the slogan FOOD AS IT SHOULD BE (the Accused Mark) to promote its products and services.

20. Panera Bread, through its subsidiary Pumpernickel Associates LLC, had earlier filed two trademark applications combining the Accused Mark with the house mark PANERA or PANERA BREAD under the "intent to use" provisions of the U.S. trademark laws on February 15, 2015. Those applications are PANERA FOOD AS IT SHOULD BE (U.S. Trademark Application Serial Number 86/549,341) and PANERA BREAD FOOD AS IT SHOULD BE (U.S. Trademark Application Serial Number 86/549,344).

21. On information and belief, Pumpernickel Associates, LLC is a subsidiary of Panera Bread Company and is the owner of the Accused Mark.

22. On information and belief, Panera, LLC is a subsidiary of Panera Bread Company and is authorized to use the Accused Mark including in the State of North Carolina.

23. A number of the products and services promoted by Panera Bread with the Accused Mark overlap the goods and services of the Registered Mark.

24. A number of the products and services promoted by Panera Bread with the Accused Mark directly compete with the goods and services of Great Harvest Bread and its franchisees.

25. All or substantially all of the goods and services identified in the Panera Bread trademark applications represent goods and services that Panera Bread now has, performs or

licenses to franchisees. Such goods and services are within a normal and expected zone of expansion around the goods and services now offered or licensed by Great Harvest Bread and which are protected by the Registered Mark.

26. On information and belief, since adopting the Accused Mark, the mark has been placed or posted at all or substantially all of the bakery-café locations owned or licensed by Panera Bread.

27. On information and belief, Panera Bread has spent substantial sums of money advertising and promoting the Accused Mark in connection with the goods and services offered by Panera Bread through various media.

28. The Accused Mark has the same understood meaning as the Registered Mark and is likely to cause confusion or mistake among consumers as to the source, affiliation and/or sponsorship of the respective marks.

29. On information and belief, Defendant has continued to offer goods and services under the Accused Mark through its internet website located at www.panerabread.com that is accessible to residents of the United States and this jurisdiction. <u>Exhibit B</u>.

30. On October 23, 2015, counsel for Plaintiff sent a cease and desist letter in relation to the unauthorized, infringing use of the Accused Mark. A copy of said letter is attached hereto as <u>Exhibit C</u>.

31. Despite its efforts, however, Plaintiff Great Harvest Bread has been unsuccessful in preventing the continued violation of its rights.

32. Defendant Panera Bread's continuing infringing activity, as evidenced by its rampant use of the Accused Mark, demonstrates willful and bad faith intent to create confusion,

deception, and mistake in the minds of both Plaintiff's consumers and potential consumers and Defendant's consumers and potential consumers.

33. Because of the likely confusion as to the source of goods and services in the minds of both Plaintiff's consumers and potential consumers and Defendant Panera Bread's consumers and potential consumers created by Defendant's use of the Accused Mark, Plaintiff Great Harvest Bread's goodwill in its BREAD. THE WAY IT OUGHT TO BE. Mark has been and will continue to be damaged.

## COUNT I - TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

34. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 29 above.

35. This is an action for trademark infringement against Defendant based on its use of confusingly similar and/or colorable imitations of the Registered Mark in commerce in connection with the promotion, advertisement, distribution, sale and/or offering of goods and services that compete with those of Plaintiff or which are within a normal zone of expansion of such goods and services.

36. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing products and services bearing the Accused Mark that is confusingly similar to the Registered Mark. Defendant is continuously infringing and inducing its franchisees to infringe the Registered Mark by using the Accused Mark to advertise, promote, sell, and offer to sell infringing goods and services.

37. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming

public as to the origin, affiliation, sponsorship, and quality of Defendant's infringing goods and services.

38. Defendant's unlawful actions have individually caused and are continuing to cause unquantifiable damages and irreparable harm to Great Harvest Bread and its Franchisees and are unjustly enriching Defendant at Great Harvest Bread's expense.

39. Defendant's above-described illegal actions constitute infringement of the Registered Mark in violation of Great Harvest Bread's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Great Harvest Bread has suffered and will continue to suffer irreparable injury due to Defendant's above-described activities if Defendant is not preliminarily and permanently enjoined.

## COUNT II- FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

41. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42. Defendant's goods and services are the same or within a normal zone of expansion of Plaintiff's goods and services. Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of Defendant's goods and services as they relate to Plaintiff.

43. Defendant, upon information and belief, has directly used in connection with its advertisement, offers for sale, and sale of the infringing goods and services, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter

into commerce with full knowledge of the falsity and deceptiveness of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

44. Defendant has authorized and induced infringing uses of the Accused Mark in Defendant's advertisement and promotion of its infringing products and services.

45. Additionally, Defendant is infringing the Registered Mark in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Great Harvest Bread and its Franchisees of a valuable marketing and educational tool which would otherwise be available to them and reducing the visibility of Great Harvest Bread's genuine goods and services on the World Wide Web.

46. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Plaintiff has no adequate remedy at law, and has sustained injury and damage caused by Defendant's conduct. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

### COUNT III- Unfair Competition and Deceptive Trade Practices Pursuant to N.C. Gen. Stat. § 75-1.1

48. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

49. The conduct of Defendant Panera Bread as alleged herein was in and affecting commerce.

50. The acts and conduct of Panera Bread as alleged herein constitute unfair and deceptive acts and practices, and unfair competition in violation of N.C.G.S. § 75- 1.1 et seq.

51. As a direct and proximate result of Panera Bread's unfair and deceptive conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

52. Panera Bread's conduct entitles Plaintiff to recover actual damages from Panera Bread, plus treble the amount fixed by any verdict pursuant to N.C.G.S. § 75-16.

53. Plaintiff is entitled to recover its reasonable costs and attorneys' fees pursuant to N.C.G.S. § 75-16.1.

54. Because much of the damage suffered by Plaintiff as a result of Panera Bread's conduct is and will be irreparable, for which Plaintiff has no adequate remedy at law, Plaintiff is further entitled to preliminary and permanent injunctive relief.

## COUNT IV - UNFAIR COMPETITION BY INDUCING REVERSE CONFUSION

55. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

56. This is an action against Panera Bread based on its (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which have a confusingly similar understood meaning to Plaintiff's Registered Mark, and (ii) by so saturating the market for the goods and services of Great Harvest Bread with uses of the Accused Mark as to deceive and falsely induce consumers into a mistaken belief that the goods and services of Plaintiff Great Harvest Bread are from, affiliated with or endorsed by Defendant Panera Bread.

57. By such actions, Defendant has misappropriated for itself, and to the exclusion of Great Harvest Bread as the rightful owner, the benefits of the market distinctiveness accorded Plaintiff's Registered Mark in violation of North Carolina's common law of unfair competition.

58. Defendant's activities at inducing this "reverse confusion" are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and nature of Plaintiff's products and services due to the unfair saturation promotion of the Accused Mark by Defendant.

59. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Amended Complaint and an award of equitable relief, and monetary relief against Defendant Panera Bread as follows:

60. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, that Defendant and any related organizations, subsidiaries, companies, including parents, officers, directors, agents, owners, employees, representatives and attorneys and all others acting under, or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

   a. Using the Accused Mark or any other mark confusingly similar to the Registered Mark upon or in connection with Defendant's goods and services;

   b. Using misleading advertising that suggests endorsement by Plaintiff of Defendant's goods and services when no such endorsement exists;

   c. Using misleading advertising that induces consumers into a mistaken belief that the goods and services of Plaintiff are from, affiliated with or endorsed by Defendant Panera Bread; and

d. Unfairly competing with Plaintiff in any manner whatsoever.

61. For an Order directing Defendant to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction, a report, in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and any further orders of this Court.

62. That Defendant and its related organizations, subsidiaries, companies, including parents, agents, employees, representatives, and all other acting under its direction or control or in concert with them, or any of them, be ordered to remove any reference to the Accused Mark online and to deliver up for destruction all advertising materials, promotional materials, flyers, signs, and any and all other materials which bear the Accused Mark.

63. Entry of an Order awarding Plaintiff a monetary judgment against Defendant for Plaintiff's damages and Defendant's profits Pursuant to 15 U.S.C. § 1117 and North Carolina law.

64. Entry of an Order, pursuant to 15 U.S.C. § 1117 and North Carolina law, trebling the amount of such award on account of Defendant's willful, intentional and bad faith conduct.

65. Entry of an Order awarding Plaintiff pre-judgment interest on the judgment amount.

66. Entry of an Order awarding Plaintiff its costs and reasonable attorneys' fees and costs associated with bringing this action.

67. Entry of an Order awarding Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

DATED this 2nd day of May, 2016.


Respectfully submitted by Counsel for Plaintiff,


/s/ R. Brian Drozd
   R. Brian Drozd (NC Bar No. 36728)
   William J. Utermohlen (*pro hac vice*)
   OLIFF PLC
   South Tryon Square
   201 S. Tryon Street, Suite 1200
   Charlotte, NC 28202
   Tel: (704) 375-9249
   Fax: (704) 375-0729
   rdrozd@oliff.com
   wutermohlen@oliff.com

Casimir W. Cook II *(pro hac vice)*
Anvil Law PLC
2723 South State Street
Suite 150
Ann Arbor, MI 48104
Tel: (734) 794-4727
ccook@anvil-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:16-cv-00121-GCM

| | |
|---|---|
| **GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BRAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO.,**<br>Plaintiffs<br><br>v.<br><br>**PANERA BREAD COMPANY, PANERA, LLC and PUMPERNICKEL ASSOCIATES, LLC**<br><br>Defendants | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of the **FIRST AMENDED COMPLAINT (AND JURY DEMAND)** was served by electronic notification on the following parties registered with the United States District Court for the Western District of North Carolina ECF system to receive notices for this case:

Stephanie H. Bald
Kelly IP, LLP
1919 M Street, NW, Suite 610
Washington, DC 20036
202-808-3570
202-354-5232 (fax)
stephanie.bald@kelly-ip.com

Jason M. Joyal
Kelly IP, LLP
1919 M Street, NW, Suite 610
Washington, DC 20036

202-808-3570
202-354-5232 (fax)
jason.joyal@kelly-ip.com

David M. Kelly
Kelly IP, LLP
1919 M Street, NW, Suite 610
Washington, DC 20036
202-808-3570
202-354-5232 (fax)
david.kelly@kelly-ip.com

Keith John Merritt
Hamilton Moon Stephens Steele & Martin, PLLC
201 South College Street
Suite 2020
Charlotte, NC 28244
704-227-1056
704-344-1483 (fax)
kmerritt@lawhms.com

Melanie Dawn Johnson Raubach
Hamilton Stephens Steele & Martin, PLLC
201 S. College Street
Suite 2020
Charlotte, NC 28244
704-227-1059
704-344-1483 (fax)
mraubach@lawhssm.com

    Dated: May 2, 2016

/s/ R. Brian Drozd
   R. Brian Drozd (NC Bar No. 36728)
   OLIFF PLC
   South Tryon Square
   201 S. Tryon Street, Suite 1200
   Charlotte, NC 28202
   Tel: (704) 375-9249
   Fax: (704) 375-0729
   rdrozd@oliff.com