IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-cv-00121-GCM

| | |
|---|---|
| GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BREAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO.,<br><br>    Plaintiffs<br><br>v.<br><br>PANERA BREAD COMPANY, INC.<br><br>    Defendant | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PANERA BREAD COMPANY'S COMBINED PARTIAL MOTION TO DISMISS AND FOR AN EXTENSION OF TIME TO RESPOND** |

Defendant Panera Bread Company (erroneously sued as "Panera Bread Company, Inc.") ("Panera") submits this reply memorandum in support of its Combined Partial Motion to Dismiss Plaintiff Franchisees' Claims for Trademark Infringement Under Section 32 of the Lanham Act and for an Extension of Time to Response ("Panera's Motion").

In response to Panera's Motion, Plaintiffs Great Harvest Franchising, Inc., Charlotte's Best Breads, LLC, and Our Daily Bread for Life, LLC (collectively, "Plaintiffs") filed a First Amended Complaint on May 2, 2016. [D.E. 25.] Plaintiffs' First Amended Complaint supersedes the original complaint on which Panera's Motion was based and, as a result, Panera's Motion is moot and a further response is not required. *See State Farm Fire & Cas. Co. v. Kudasz*, 2011 WL 1830399, at *1 (W.D.N.C. May 12, 2011) ("[i]t is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot"); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir.

2001) ("the general rule…is that an amended pleading supersedes the original pleading; rendering the original pleading of no effect").[1]

Accordingly, Plaintiffs' First Amended Complaint renders moot Panera's Motion.

DATED: May 12, 2016

| ____/s/ Stephanie H. Bald_____ | David M. Kelly (admitted *pro hac vice*) |
|---|---|
| Keith J. Merritt, NC Bar # 17523<br>Melanie Johnson Raubach, NC Bar #41929<br>**HAMILTON, STEPHENS, STEELE &**<br>**MARTIN PLLC**<br>201 South College Street, Suite 2020<br>Charlotte, NC 28244-2020<br>Telephone: 704.344.1117<br>Facsimile: 704.344.1483<br>kmerritt@lawhssm.com<br>mraubach@lawhssm.com | Stephanie H. Bald (admitted *pro hac vice*)<br>Jason M. Joyal (admitted *pro hac vice*)<br>**KELLY IP, LLP**<br>1919 M Street, NW, Suite 610<br>Washington, DC 20036<br>Telephone: 202.808.3570<br>Facsimile: 202. 354.5232<br>david.kelly@kelly-ip.com<br>stephanie.bald@kelly-ip.com<br>jason.joyal@kelly-ip.com<br><br>*Attorneys for Defendant Panera Bread Company (erroneously sued as "Panera Bread Company, Inc.")* |

---

[1] Despite filing an amended complaint, which rendered moot Panera's Motion, Plaintiffs also filed an opposition. [D.E. 27.] To the extent any response to that opposition is necessary, Panera incorporates the authorities cited in its underlying Motion and submits that the allegations in Plaintiffs' original complaint speak for themselves. Additionally, Great Harvest's claim in its opposition that Panera "misconstrued" the original complaint warrants a brief response. Great Harvest neglects to mention that Paragraphs 30-36 of the original complaint, which constitute the Section 32 claim, use the term "Plaintiff" (which Great Harvest concedes includes all *three* plaintiffs) *six* times, and include allegations, among others, that "Defendant's above-described illegal actions constitute **infringement of Plaintiff's** Registered Mark …under § 32 of the Lanham Act, 15 U.S.C. § 1114," that "Defendant's unlawful actions have individually caused and are continuing to cause unquantifiable damages and irreparable harm to Great Harvest **and its Franchisees** . . .," and that "**Plaintiff** has suffered and will continue to suffer irreparable injury…." due to the alleged Section 32 violation. The plain language of the original complaint clearly conflicts with Great Harvest's current representations that it did not bring the Section 32 claim on behalf of all plaintiffs. Further, if Great Harvest did believe that Panera had misconstrued the Section 32 claim, it is unclear why Great Harvest's counsel did not raise this issue during the parties' Local Rule 7.1(B) meet and confer on April 12, 2016, when Panera indicated that it would be moving to dismiss the Section 32 claim as to the franchisee plaintiffs. Doing so would likely have led to a stipulated amended complaint, avoided the need for the Court to review Plaintiffs' opposition and this reply, and saved Panera the costs of preparing its Motion. Instead, Plaintiffs simply stated that they would oppose Panera's Motion.

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL ACTION NO. 3:16-cv-00121-GCM

| | |
|---|---|
| GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BREAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO., <br><br> Plaintiffs <br><br> v. <br><br> PANERA BREAD COMPANY, INC. <br><br> Defendant. | **CERTIFICATE OF SERVICE** |

I hereby certify that on this day a copy of the Reply Memorandum in Support of Defendant Panera Bread Company's Combined Partial Motion to Dismiss and for an Extension of Time to Respond was served by electronic notification on those parties registered with the United States District Court for the Western District of North Carolina ECF system to receive notices for this case, as indicated below to the following:

Casimir W. Cook , II
Anvil Law PLC
ccook@anvil-law.com

William Jerome Utermohlen
Oliff PLC
Email: wutermohlen@oliff.com

R. Brian Drozd
Oliff PLC
Email: bdrozd@gmail.com; bdrozd@oliff.com

[Signatures on following page]

1

DATED: May 12, 2016	/s/Stephanie H. Bald/
David M. Kelly (admitted *pro hac vice*)
Stephanie H. Bald (admitted *pro hac vice*)
Jason M. Joyal (admitted *pro hac vice*)
**KELLY IP, LLP**
1919 M Street, NW, Suite 610
Washington, DC 20036
Telephone: 202.808.3570
Facsimile: 202. 354.5232
david.kelly@kelly-ip.com
stephanie.bald@kelly-ip.com
jason.joyal@kelly-ip.com

*Attorneys for Defendant Panera Bread Company (erroneously sued as "Panera Bread Company, Inc.")*