IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-cv-00121-GCM

| | |
|---|---|
| GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BREAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO., <br><br> Plaintiffs <br><br> v. <br><br> PANERA BREAD COMPANY, PANERA, LLC, and PUMPERNICKEL ASSOCIATES, LLC <br><br> Defendants. | DEFENDANTS PANERA BREAD COMPANY, PANERA, LLC, AND PUMPERNICKEL ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

Defendants Panera Bread Company, Panera, LLC, and Pumpernickel Associates, LLC (collectively, "Defendants") answer the allegations of Plaintiffs Great Harvest Franchising, Inc., Charlotte's Best Breads, LLC dba Great Harvest Bread Co., and Our Daily Bread for Life, LLC, dba Great Harvest Bread Co. (collectively, "Plaintiffs") First Amended Complaint ("FAC") as follows:

Defendants deny the allegations contained in the un-numbered, introductory paragraph of Plaintiffs' FAC.[1]

1. Defendants admit that Plaintiffs have alleged various causes of action under the Lanham Act, N.C. Gen. Stat., and North Carolina common law as set forth in Paragraph 1 of the

---
[1] Defendants do not restate the headings as set forth in Plaintiffs' FAC, however, to the extent Plaintiffs' headings allege any claims or elements of claims to which a response is required, Defendants deny each and every one.

FAC. Defendants further admit that this Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims. Defendants further admit that Plaintiffs seek injunctive relief as well as a determination that Defendant's alleged conduct allegedly constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a). Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7. Defendants admit that Defendant Panera Bread Company was founded in 1981 and has its headquarters at 3630 South Geyer Road, Suite 100, St. Louis, MO 63127. Defendants admit that Panera Bread Company was formerly known as Au Bon Pain Co., Inc. and changed its name to Panera Bread Company in May 1999. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 11 and therefore deny them.

12. Defendants admit that, according to the USPTO's online records, Great Harvest Franchising, Inc. is the listed owner of the following registration for the mark BREAD. THE WAY IT OUGHT TO BE: U.S. Registration No. 4862062, registered December 1, 2015, based on an alleged first use date of August 2014 for "Bread; cookies; flour" in Class 30; "Franchising services, namely, business management advisory services in the establishment and/or operation of retail bakeries; retail bakery shop services" in Class 35; "Bakery services, namely, manufacturing bakery products to order and/or specifications of others" in Class 40; and "Restaurant and café services" in Class 43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore deny them.

13. Defendants admit that, according to the USPTO's online records, Great Harvest Franchising, Inc. is the listed owner of the following registration for the mark BREAD. THE WAY IT OUGHT TO BE: U.S. Registration No. 4862062, registered December 1, 2015, based on an alleged first use date of August 2014 for "Bread; cookies; flour" in Class 30; "Franchising services, namely, business management advisory services in the establishment and/or operation of retail bakeries; retail bakery shop services" in Class 35; "Bakery services, namely, manufacturing bakery products to order and/or specifications of others" in Class 40; and "Restaurant and café services" in Class 43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore deny them.

14. Defendants admit that, according to the USPTO's online records, Great Harvest Franchising, Inc. is the listed owner of the following registration for the mark BREAD. THE

WAY IT OUGHT TO BE: U.S. Registration No. 4862062, filed on October 22, 2014 and registered December 1, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore deny them.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny them.

16. Defendants admit that as of March 29, 2016, there were 1,881 bakery-cafes in the United States operating under the Panera Bread® name. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore deny them.

17. Paragraph 17 contains conclusions of law and not factual allegations to which an answer is required. To the extent an answer is required, however, Defendants admit that Panera LLC uses PANERA BREAD FOOD AS IT SHOULD BE and/or PANERA FOOD AS IT SHOULD BE. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny them.

19. Defendants admit that as of or around June 14, 2015, PANERA BREAD FOOD AS IT SHOULD BE and/or PANERA FOOD AS IT SHOULD BE appeared on www.panerabread.com. Defendants deny the remaining allegations in Paragraph 19..

20. Defendants admit that Pumpernickel Associates, LLC filed intent-to-use Applications Serial Nos. 86549341 and 86549344 for PANERA FOOD AS IT SHOULD BE and PANERA BREAD FOOD AS IT SHOULD BE, respectively, on February 28, 2015. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants admit that Pumpernickel Associates, LLC is a Panera Bread Company

subsidiary. Defendants further admit that Pumpernickel Associates is the listed owner of trademark Applications Serial Nos. 86549341 and 86549344. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit that Panera LLC is a Panera Bread Company subsidiary. Defendants further admit that Panera LLC is authorized to use PANERA BREAD FOOD AS IT SHOULD BE and/or PANERA FOOD AS IT SHOULD BE. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. Defendants admit that Pumpernickel Associates is the listed owner of trademark Applications Serial Nos. 86549341 and 86549344 for the goods and services listed in those Applications. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore deny them.

26. Defendants admit the PANERA FOOD AS IT SHOULD BE and/or PANERA BREAD FOOD AS IT SHOULD BE tagline are used at Panera Bread bakery-cafe locations. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit advertising expenses have been incurred in association with using the PANERA FOOD AS IT SHOULD BE and PANERA BREAD FOOD AS IT SHOULD BE tagline. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants admit that the PANERA BREAD FOOD AS IT SHOULD BE and/or PANERA FOOD AS IT SHOULD BE taglines have been used on the www.panerabread.com website. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that counsel for Plaintiffs sent a letter dated October 23, 2015 to Panera Bread Company at 3630 S. Geyer Rd Suite 100, St. Louis MO 63127. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

## COUNT I – TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

34. Defendants incorporate by reference its responses to Paragraphs 1-29 of the FAC as stated above.[2]

35. Defendants admit that Plaintiffs have alleged claims for trademark infringement. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

## COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

41. Defendants incorporate by reference its responses to Paragraphs 1-40 of the FAC as stated above.

---

[2] Paragraph 34 of the FAC incorporates by reference Paragraphs 1-29 only. (FAC ¶34.)

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

### COUNT III – UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES PURSUANT TO N.C. Gen. Stat. § 75-1.1

48. Defendants incorporate by reference its responses to Paragraphs 1-47 of the FAC as stated above.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

### COUNT IV – UNFAIR COMPETITION BY INDUCING REVERSE CONFUSION

55. Defendants incorporate by reference its responses to Paragraphs 1-54 of the FAC as stated above.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

### PRAYER FOR RELIEF

60. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 60.

61. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 61.

62. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 62.

63. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 63.

64. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 64.

65. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 65.

66. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 66.

67. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 67.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any allegations in the FAC, Defendants assert the following defenses and affirmative defenses. Defendants expressly reserve the right to supplement the defenses and affirmative defenses below based on any information of which it may become aware during the course of this action, and to assert any further defenses, affirmative defenses, positions, claims, and counterclaims that it becomes aware of during discovery, or at trial, as applicable.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs failed to mitigate their alleged damages, if any.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred in whole or in part by laches, acquiescence, waiver, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims against Pumpernickel Associates, LLC, are barred for lack of personal jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs Charlotte's Best Breads, LLC and Our Daily Bread for Life, LLC's claims are barred in whole or in part for a lack of standing to sue.

## REQUEST FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiffs on each of their claims and that:

a) Plaintiffs' claims be dismissed in their entirety with prejudice;

b) Plaintiffs be denied all relief requested in their claims;

c) Defendants be awarded their attorneys' fees, costs, and expenses in connection with defending against Plaintiffs' claims; and

d) The Court award Defendants such further relief as it may deem just and proper.

[Signatures on following page]

DATED: June 14, 2016

| | |
|---|---|
| /s/ Melanie D. Johnson Raubach<br>Melanie D. Johnson Raubach, NC Bar #41929<br>Keith J. Merritt, NC Bar # 17523<br>**HAMILTON, STEPHENS, STEELE &**<br>**MARTIN PLLC**<br>201 South College Street, Suite 2020<br>Charlotte, NC 28244-2020<br>Telephone: 704.344.1117<br>Facsimile: 704.344.1483<br>kmerritt@lawhssm.com<br>mraubach@lawhssm.com | David M. Kelly (admitted *pro hac vice*)<br>Stephanie H. Bald (admitted *pro hac vice*)<br>Jason M. Joyal (admitted *pro hac vice*)<br>**KELLY IP, LLP**<br>1919 M Street, NW, Suite 610<br>Washington, DC 20036<br>Telephone: 202.808.3570<br>Facsimile: 202. 354.5232<br>david.kelly@kelly-ip.com<br>stephanie.bald@kelly-ip.com<br>jason.joyal@kelly-ip.com<br><br>*Attorneys for Defendant Panera Bread Company,*<br>*Panera, LLC, and Pumpernickel Associates, LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of the foregoing was served by electronic notification on those parties registered with the United States District Court for the Western District of North Carolina ECF System to receive notices for this case, including the following:

**Casimir W. Cook, II**
Anvil Law PLC
2723 South State Street, Suite 150
Ann Arbor, MI 48104
734-794-4727
ccook@anvil-law.com

**William Jerome Utermohlen**
Oliff PLC
277 South Washington Street, Suite 500
Alexandria, VA 22314
703-836-6400
Fax: 703-736-2787
Email: wutermohlen@oliff.com

**R. Brian Drozd**
Oliff PLC
201 S. Tryon Street
Suite 1200
Charlotte, NC 28202
919-969-9857
Email: bdrozd@gmail.com

DATED: June 14, 2016

/s/ Melanie D. Johnson Raubach
Melanie D. Johnson Raubach, NC Bar #41929
Keith J. Merritt, NC Bar # 17523
**HAMILTON STEPHENS STEELE & MARTIN PLLC**
201 South College Street, Suite 2020
Charlotte, NC 28244-2020
Telephone: 704.344.1117
Facsimile: 704.344.1483
kmerritt@lawhssm.com
mraubach@lawhssm.com