UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BREAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO.,** <br><br> Plaintiffs <br> v. <br><br> **PANERA BREAD COMPANY, PANERA, LLC and PUMPERNICKEL ASSOCIATES, LLC** <br><br> Defendants | Civil Action No. 3:16-cv-00121-GCM |

## STIPULATED PROTECTIVE ORDER

WHEREAS, disclosure and discovery activities in this action are likely to involve the production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted, and

WHEREAS, Plaintiffs Great Harvest Franchising, Inc., Charlotte's Best Breads, LLC., and Our Daily Bread for Life, LLC (collectively, "Great Harvest"), and Defendants Panera Bread Company, Panera, LLC, and Pumpernickel Associates, LLC (collectively, "Panera"), the parties to this action (collectively the "Parties" and individually a "Party"), hereby stipulate to and petition the Court pursuant to Fed. R. Civ. P. 26(c) to enter the following Stipulated Protective Order ("Order") to govern the disclosure, use and exchange of such confidential, proprietary, and/or private information,

IT IS HEREBY ORDERED as follows:

1.  DEFINITIONS

   1.1   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronically stored information, answers to interrogatories, responses to requests for admission, depositions, testimony, deposition exhibits, transcripts, or tangible things) that are produced or generated by a Party or non-party in disclosures or responses to discovery in this matter, or any settlement conference, mediation or arbitration of this matter.

   1.2   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material, including Protected Material (as defined below), in this action, or any settlement conference, mediation or arbitration of this action. Any non-party shall be entitled to the rights and protections provided to a Producing Party under this Order.

   1.3   Receiving Party:  a Party or Expert that receives Disclosure or Discovery Material, including Protected Material (as defined below), from a Producing Party.

   1.4   Confidential Information:  information (regardless of how generated, stored, or maintained) or tangible things that a Producing Party reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment, or that is not generally known and which the Producing Party would normally not reveal to a third party including, but not limited to, processes, operations, research, design, technical or developmental information, production, marketing, sales, shipments or other proprietary data or information of commercial value, or any other information or tangible things that qualify for protection within the meaning of Fed. R. Civ. P. 26(c).

   1.5   Attorneys Eyes Only Information:  information or tangible things that a Producing Party reasonably believes the disclosure of which would result in the release of highly sensitive

trade secrets or other highly sensitive research, technical, personnel, or business information, or that would create a substantial risk of material harm to the business or competitive interests of the Producing Party including, but not limited to, customer contact information, market or customer analyses, financial information, and corporate and strategic planning.

1.6     Protected Material:  any Disclosure or Discovery Material that contains Confidential or Attorneys Eyes Only Information.

1.7     Outside Counsel:  attorneys and their support staff who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.8     In-House Counsel:  attorneys who are employees of a Party or a Party's parents, subsidiaries, or commonly controlled companies, or members of the legal staff or the intellectual property department of a Party or of a Party's parents, subsidiaries, or commonly controlled companies, and who as part of that employment participate in decisions with reference to this action.

1.9     Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

1.10    Outside Consultant:  an independent consultant or expert and their staff not employed by or affiliated with a Party, but specially retained by a Party or its Counsel to serve either as a technical consultant or expert witness for the purposes of this action. This definition includes jury and trial consultants retained in connection with this action.

1.11    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

2.      SCOPE

The protections conferred by this Stipulation and Order cover Protected Material (as defined above) produced by the Parties and non-parties, as well as: any information copied or extracted therefrom, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party or any other non-party. Any use of Protected Material at trial shall be governed by a separate agreement or order. .

3. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

4. DESIGNATING PROTECTED MATERIAL

4.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order shall limit any such designation to specific material that qualifies under the appropriate standards described in ¶¶1.4 and 1.5 above. If it comes to a Party's or a non-party's attention that information or items that it designated for protection under this Order do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other

Parties that it is withdrawing the initial designation or providing a new designation, as applicable.

    4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    A Producing Party that produces or discloses any material that it believes comprises Confidential Information or Attorneys Eyes Only Information shall designate the same by marking "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" prominently on <u>each page</u> of all documents containing the information. The designation "Confidential-Outside Attorneys' Eyes Only" or similar language, shall be deemed to be an "ATTORNEYS EYES ONLY" designation.

(b)    If a Producing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the Producing Party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original files and records that it reviews. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents that may contain Protected Material with the appropriate designation at the time the copies are produced to the inspecting party.

(c)    All deposition transcripts shall be designated "ATTORNEYS EYES ONLY" for a period of 30 days from the date of the deposition, regardless of whether a designation of confidentiality was made on the record or otherwise. During that 30-day period, any party may designate in writing specific portions of the deposition transcript and exhibits as

"CONFIDENTIAL" OR "ATTORNEYS EYES ONLY." Such written notification shall identify the specific pages and lines of the transcript that contain Protected Material. If such written notification is not made within 30 days from the date of the deposition, or some other time period that may be agreed upon by the parties, the entire transcript shall be treated as public information and will not be subject to this Protective Order.

(d)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" legend. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

4.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. If Protected Material is appropriately designated as "CONFIDENTIAL," or "ATTORNEYS EYES ONLY" after the material was initially produced, the Receiving Party, on notification of the designation, must take steps to ensure that the material is promptly treated in accordance with the provisions of this Order. In the event that a Producing Party produces Protected Material that has not been correctly designated, the Producing Party may designate or redesignate the information by a subsequent notice in writing accompanied by a replacement set of such Protected Material. The Receiving Party shall inform the Producing Party of any prior disclosures that are contrary to the new designation, and shall undertake its best efforts to correct any disclosure of such information contrary to the new redesignation.  No showing of error,

inadvertence, or excusable neglect shall be required for such redesignation.

4.4 Unless otherwise governed by Paragraph 9 (Filing Protected Material) of this Order, if a Party intends to produce or reveal Protected Material of another Party during a trial, court appearance, or hearing which is open to the public, the Party intending to produce or reveal such Protected Material shall provide notice and opportunity to object, unless written consent from the Producing Party is previously obtained.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. A Party may challenge a confidentiality designation at any time.

5.2 <u>Meet and Confer</u>. Before seeking judicial intervention, a Party that elects to challenge a confidentiality designation must first initiate the dispute process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall then attempt to resolve each challenge in good faith and must begin the process by conferring either in person or telephonically within five business days of the date such notice was served on the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

5.3 <u>Judicial Intervention</u>. A Party that elects to challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a statement affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Until the court rules on the

**STIPULATED PROTECTIVE ORDER – PAGE 7**
Case 3:16-cv-00121-GCM   Document 42   Filed 12/19/16   Page 7 of 17

challenge, all parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. Protected Material may be used only for prosecuting, defending, mediating, arbitrating, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of Confidential Information. Information designated as "CONFIDENTIAL" shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

(a) The Receiving Party's Outside Counsel of record in this action, as well as: employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation; any independent litigation support providers retained by Outside Counsel to assist in this litigation (e.g., outside copy services, graphic artists and visual aid providers, and jury consultants); and Professional Vendors retained by Outside Counsel.

(b) In-House Counsel of the Receiving Party, any litigation support providers retained by In-House Counsel to assist in this litigation (e.g., outside copy services, graphic artists and visual aid providers, and jury and trial consultants); and Professional Vendors retained by In-House Counsel. In-House Counsel have been informed of the terms of this Protective Order and agree to be bound by its terms.

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Agreement to be Bound by

Protective Order" (Exhibit A);

(d)  Outside Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)  the Court and its personnel; and

(f)  court reporters, their staffs, and other Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(g)  any mediator who is assigned or retained by the Parties for this action

6.3  <u>Disclosure of Attorneys Eyes Only Information</u>.  Information designated as "ATTORNEYS EYES ONLY" shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

(a)  The Receiving Party's Outside Counsel of record in this action, as well as: employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation; any independent litigation support providers retained by Outside Counsel to assist in this litigation (e.g., outside copy services, graphic artists and visual aid providers, and jury consultants); and Professional Vendors retained by Outside Counsel.

(b)  Up to three members of the Receiving Party's In-House Counsel, as agreed by the Parties, who are not involved with competitive decision-making. Panera's initial designees are Geri Haight and Patrice McInnis;

(c)  Outside Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel; and

(e) court reporters, their staffs, and other Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f) any mediator who is assigned or retained by the parties for this action.

6.4. Nothing herein shall prevent any party from disclosing its own Protected Material in any manner that it considers appropriate. Additionally, Protected Material may be shown or used during an examination, either at deposition or at any hearing, of any officer, employee or retained expert of the party that produced the Protected Material. Similarly, Protected Material may also be shown or used during an examination, either at deposition or at any hearing, of any person who, from the face of the document, is an author, creator or recipient of the Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be placed in a separate confidential transcript (whether print or electronic) by the court reporter and may not be disc1osed to anyone except as permitted under this Order.

6.5 The list of persons to whom Confidential or Attorneys Eyes Only Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Producing Party and the Receiving Party without necessity of modifying this Order.

6.6 The Parties shall give notice of this Order and advise of the duty to comply with its terms to any person allowed access to Protected Material prior to allowing said person access to Protected Material.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "ATTORNEYS EYES ONLY," the Receiving Party must promptly notify the Producing Party, in writing and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order, and provide that party with a copy of this Protective Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking such protection. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Material covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

8. UNAUTHORIZED OR INADVERTENT DISCLOSURE

8.1     Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Protected Material under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Protected Material of any other person or Party that is not otherwise permitted to be disclosed to such client. If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in

any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material or confirm that they have been destroyed, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

8.2    Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity, or any other applicable privilege or immunity, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production and requests in writing that such inadvertently-produced material be destroyed. After receiving a written request for destruction from the Producing Party, the Receiving Party shall destroy the inadvertently-produced documents and confirm in writing that it has done so. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

9.    FILING PROTECTED MATERIAL

All Protected Material that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Protected Material, shall be filed and maintained in the Court under seal pursuant to Local Rule LCvR 6.1. Where practical, only confidential portions of filings with the Court shall be filed under seal.

10. FINAL DISPOSITION

The ultimate disposition of all Protected Material is subject to a final order of the Court upon completion of the litigation. Subject to such an order, and unless otherwise agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must either return all Protected Material to the Producing Party or destroy all such Protected Material. As used in this subdivision, "final termination of this action" means the exhaustion of all appeals from orders and final judgments in this action, or the settlement of this action by the Parties. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty day deadline, which confirms that all the Protected Material was returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      11.3    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as Confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

[*Signatures on next page*]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 15, 2016

/s/ Casimir W. Cook II
Casimir W. Cook II *(pro hac vice)*
Anvil Law PLC
2723 South State Street
Suite 150
Ann Arbor, MI 48104
Tel: (734) 794-4727
ccook@anvil-law.com

R. Brian Drozd (NC Bar No. 36728)
William J. Utermohlen *(pro hac vice)*
OLIFF PLC
South Tryon Square
201 S. Tryon Street, Suite 1200
Charlotte, NC 28202
Tel: (704) 375-9249
Fax: (704) 375-0729
rdrozd@oliff.com
wutermohlen@oliff.com

Dated: December 15, 2016

/s/ Jason M. Joyal
Jason M. Joyal *(pro hac vice)*
Kelly IP, LLP
1919 M Street, NW, Suite 610
Washington, DC 20036
Tel: (202) 808-3570
Fax: (202) 354-5232 (fax)
jason.joyal@kelly-ip.com

Keith John Merritt (NC Bar No. 17523)
Melanie Dawn Johnson Raubach (NC Bar No. 41929)
Hamilton Moon Stephens Steele & Martin, PLLC
201 South College Street, Suite 2020
Charlotte, NC 28244
Tel: (704) 227-1056
Fax: (704) 344-1483
kmerritt@lawhms.com
mraubach@lawhssm.com

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Signed: December 19, 2016

Graham C. Mullen
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **GREAT HARVEST FRANCHISING, INC., CHARLOTTE'S BEST BREADS, LLC DBA GREAT HARVEST BREAD CO., and OUR DAILY BREAD FOR LIFE, LLC DBA GREAT HARVEST BREAD CO.,** | |
| | Civil Action No. 3:16-cv-00121-GCM |
| Plaintiffs v. | |
| **PANERA BREAD COMPANY, PANERA, LLC and PUMPERNICKEL ASSOCIATES, LLC** | |
| Defendants | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ do declare and state as follows:

1. I live at _____. I am employed as _____ (position) by _____ (name and address of employer).

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the U.S. District Court for the Western District of North Carolina to enforce the terms of the Protective Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

_____
(Signature)